**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
**DOUGLAS R. MILLER**
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7770
MDD_DRMChambers@mdd.uscourts.gov

September 24, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:     *Sue S. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
        Civil No. 24-2484-DRM

Dear Counsel:

On August 27, 2024, Plaintiff Sue S. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301. I have considered the record in this case (ECF No. 7) and the parties' briefs (ECF Nos. 10 and 12). I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

## I.     PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on June 18, 2017, alleging a disability onset of May 1, 2015. Tr. 141-147. Plaintiff's claims were denied initially and on reconsideration. Tr. 85-92. On March 14, 2019, an Administrative Law Judge ("ALJ") held a hearing. Tr. 13-33. Following the hearing, on May 1, 2019, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 13-33. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, making the ALJ's decision the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against Martin O'Malley, the Commissioner of Social Security on August 27, 2024. ECF 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Sue S. v. Bisignano*
Civil No. 24-2484-DRM
September 24, 2025
Page 2

Thus, after exhausting all administrative remedies, Plaintiff petitioned this Court for judicial review on October 20, 2020. On September 16, 2021, the Court granted a consent motion to remand the case for additional proceedings. Tr. 612-615. Accordingly, on October 15, 2021, the Appeals Council vacated the Commissioner's final decision and remanded the case to an ALJ for further proceedings. Tr. 616-621. On March 24, 2022, an ALJ held a telephone hearing regarding the Plaintiff's case. Tr. 505-531. On April 27, 2022, the ALJ issued a decision again denying Plaintiff's claim for DIB. Tr. 505-31. After exhausting all administrative remedies, Plaintiff then filed a second action for judicial review, which resulted in the Court again remanding the case for further proceedings on January 23, 2023. On February 24, 2023, the Appeals Council vacated the Commissioner's final decision and remanded the case to an ALJ for a new hearing.

On April 23, 2024, the case was heard before an ALJ via a telephonic hearing. On June 2, 2024, the ALJ issued a decision again denying Plaintiff's claims for DIB. Tr. 818-842. With all administrative remedies exhausted, Plaintiff filed this third action for judicial review on August 27, 2024. ECF No. 1.

## II.    THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "did not engage in substantial gainful activity" from her alleged onset date through her date last insured. Tr. 824. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "degenerative disc disease of the cervical, thoracic and lumbar spine; sciatica; dextroscoliosis; right hip osteoarthritis; and migraine headaches[.]" *Id.* The ALJ also determined that Plaintiff suffered from the non-severe impairments of "plantar keratosis, GERD, Vitamin D deficiency, right De Quervain's synovitis, depression and anxiety disorder." *Id.* At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 827. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except sedentary work, as defined in the regulations, with the following limitations: a sit/stand option allowing for a brief change of position for 1-2 minutes every 30 minutes; no crawling or climbing of ladders, ropes or scaffolds and no more than occasional

*Sue S. v. Bisignano*
Civil No. 24-2484-DRM
September 24, 2025
Page 3

balancing, crouching, kneeling, pushing. pulling or stooping, as those terms are
defined in the DOT/SCO; no more than frequent overhead reaching; no exposure
to weather; no more than occasional exposure to non-weather temperature extremes
of heat or cold, to wetness and non-weather humidity, vibration, or atmospheric
conditions and no exposure to hazards, as those terms are defined in the DOT/SCO;
and can understand, remember and carry out simple instructions.

Tr. 828. The ALJ determined that Plaintiff was unable to perform past relevant work as a
Corrections Officer (DOT[3] # 372.667-018), Activity Director (DOT # 195.167-026), or Payroll
Clerk (DOT # 215.382-014), but could perform other jobs that existed in significant numbers in
the national economy. Tr. 833-834. Therefore, the ALJ concluded that Plaintiff was not disabled.
Tr. 834.

### III.    LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence
supports the ALJ's factual findings and whether the decision was reached through the application
of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The
findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive.
. .." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept
as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir.
1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In
conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed
the relevant evidence and sufficiently explained their findings and rationale in crediting the
evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997);
*DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative
decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.    ANALYSIS

Plaintiff raises two arguments on appeal, specifically that the ALJ violated the Appeals
Council's order and that the ALJ erred at step two of the five-step evaluation by failing to properly
evaluate Plaintiff's fibromyalgia diagnosis in accordance with SSR 12-2p. ECF No. 10 at 8.
Defendant counters that substantial evidence supports the ALJ's findings and that the ALJ assessed
Plaintiff's diagnosis within the proper regulatory framework. ECF No. 12 at 7. The Court will
reverse the Commissioner's decision and remand the case for further proceedings.

---

[3] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*,
and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of
Occupational Titles . . .*, are [SSA] resources that list occupations existing in the economy and
explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor,
*Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of
Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*,
810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Sue S. v. Bisignano*
Civil No. 24-2484-DRM
September 24, 2025
Page 4

20 C.F.R. § 404.977(b) requires that ALJs comply with a remand order from the Appeals Council. Specifically, the Appeals Council's order held that the previous ALJ decision, which found that fibromyalgia is a medically determinable impairment of the Plaintiff, did not appear to "analyze the effects of claimant's fibromyalgia as distinct from the claimant's degenerative disc disease and arthritis." Tr. 913. The Appeals Council thus concluded that "further consideration of Plaintiff's fibromyalgia, and claimant's residual functional capacity, is warranted" and ordered that the assessed limitations "adequately account for the frequency and severity of claimant's migraine headaches and fibromyalgia." Tr. 913-914.

However, contrary to the findings of two previous ALJ decisions, the ALJ here instead concluded that fibromyalgia is not a medically determinable impairment of Plaintiff, Tr. 826, and thus failed to provide further analysis on Plaintiff's fibromyalgia in the assessment of her residual functional capacity. This Court agrees with Plaintiff that such a conclusion by the ALJ fails to abide by the Appeals Council's order. *See* 20 C.F.R. § 404.977(b) ("The administrative law judge shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order").

Additionally, the Court agrees with Plaintiff that the ALJ failed to properly apply SSR 12-2P in determining that fibromyalgia is not a medically determinable impairment of the Plainitiff. As Plaintiff argues in her brief, the ALJ emphasizes a single treatment record in her analysis, and fails to consider longitudinal records as specified under SSR 12-2P. ECF No. 10 at 13. The record demonstrates that the Plaintiff was repeatedly diagnosed with fibromyalgia both before and after the appointment cited by the ALJ. Tr. 279, 281, 432, 459, 476, 791, 800, 798, 1038, 1043, 1166, 1184, 1203, 1207, 1229, 1265, 1332. Furthermore, the treatment record that the ALJ emphasizes still appears to list fibromyalgia as a diagnosis. Tr. 288.

This Court also agrees with Plaintiff that the ALJ's opinion seems to contradict its own factual findings. Specifically, the ALJ's opinion states that "[t]he claimant's medical records do not support a finding that she suffers from widespread pain throughout all quadrants of the body." Tr. 827. However, as pointed out by Plaintiff, the ALJ's same opinion recognizes that Plaintiff suffers from migraine headaches, gastroesophageal reflux, depression, anxiety, chronic fatigue, muscle pain, and muscle spasms, Tr. 824-827, thus displaying at least six or more fibromyalgia symptoms, signs, or co-occurring conditions.

The Court agrees with Defendant that the ALJ here was not necessarily bound by previous ALJ determinations concerning Plaintiff's fibromyalgia. It also agrees that it is not this Court's role to substitute its judgment for that of the ALJ and re-weigh conflicting evidence. Nevertheless, a review of the record demonstrates that the ALJ failed to abide by the Appeals Council's order and further misapplied SSR 12-2P, and the resulting opinion is thus unsupported by substantial evidence.

Because the case is being remanded on the above grounds, I need not address other arguments that appear in the parties' briefs. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. Additionally, in remanding for

*Sue S. v. Bisignano*
Civil No. 24-2484-DRM
September 24, 2025
Page 5

further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V.    CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.


Sincerely,


/s/

Douglas R. Miller
United States Magistrate Judge